MR. JUSTICE SHEEHY,
concurring and dissenting:
I concur in the result in this case, and with what Justice Morrison says in his special concurrence, but dissent from what the majority holds on two issues:
*193 1. The Smith Instruction.
The majority overreaches the issues in summarily setting aside our approval of the instruction in State v. Smith (1980), 609 P.2d 696. The state is not appealing the instruction, and the overruling of Smith disregards possible cases of prosecutrix malice, to which Smith applied.
2. Cross-examination of the psychiatrist and the nurse.
I think the District Court unfairly limited the cross-examination of the state’s psychiatric witness and of Marjene Tower, the nurse. Post-rape trauma syndrome is far from scientific exactitude. The majority permits such evidence on the basis that “skilled direct and cross-examination” will limit the possibilities for error. Under Rule 705, Montana Rules of Evidence, an expert may be cross-examined on the basis of his opinion, including admissible and non-admissible grounds. The District Court did not permit the kind of full cross-examination that the post-rape trauma syndrome demanded in this case.
I concur in the result here because the Smith instruction ruling does not affect Liddell’s case on appeal, and because I find the jury decided the issue on a test of credibility between him and the prosecutrix which was not substantially aided by the testimony of the psychiatrist and the nurse.